UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA NORTON<br>c/o Attorney Scott Perlmuter<br>2012 West 25th Street, Ste. 716<br>Cleveland, Ohio 44113<br><br>—and—<br><br>KIMBEL NORTON<br>c/o Attorney Scott Perlmuter<br>2012 West 25th Street, Ste. 716<br>Cleveland, Ohio 44113<br><br>   Plaintiffs,<br><br> v.<br><br>VILLAGE ON THE GREEN LIMITED<br>PARTNERSHIP<br>c/o its statutory agent<br>Satendra K. Agrawal<br>3908 Autumn Drive<br>Huron, OH 44839<br><br>—and—<br><br>TRADEWINDS FIFTY-NINE GARDEN<br>APARTMENTS<br>c/o its general partner<br>Satendra K. Agrawal<br>3908 Autumn Drive<br>Huron, OH 44839<br><br>—and—<br><br>SATENDRA K. AGRAWAL<br>3908 Autumn Drive<br>Huron, OH 44839 | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><br><br><br>**COMPLAINT** |

| | |
|---|---|
| —and— | ) |
| | ) |
| KAREN K. AGRAWAL | ) |
| c/o Tradewinds Fifty-Nine Garden | ) |
| Apartments | ) |
| c/o its general partner | ) |
| Satendra K. Agrawal | ) |
| 3908 Autumn Drive | ) |
| Huron, OH 44839 | ) |
| | ) |
| —and— | ) |
| | ) |
| JOHN DOE I | ) |
| c/o Village on the Green Limited | ) |
| Partnership | ) |
| c/o its statutory agent | ) |
| Satendra K. Agrawal | ) |
| 3908 Autumn Drive | ) |
| Huron, OH 44839 | ) |
| | ) |
| —and— | ) |
| | ) |
| JOHN DOE II | ) |
| c/o Village on the Green Limited | ) |
| Partnership | ) |
| c/o its statutory agent | ) |
| Satendra K. Agrawal | ) |
| 3908 Autumn Drive | ) |
| Huron, OH 44839 | ) |
| | ) |
| | ) |
| Defendants. | ) |

Plaintiffs Cynthia and Kimbel Norton, through counsel, brings this Complaint against Defendants Village on the Green Limited Partnership ("Village on the Green"), Tradewinds Fifty-Nine Garden Apartments ("Tradewinds"), Satendra K. Agrawal, Karen K. Agrawal, and Defendants John Doe I and John Doe II, stating and alleging as follows.

## INTRODUCTION AND THE PARTIES

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Ohio Const. art. II, § 34a, and corresponding provisions of the Ohio Revised Code.

2. At all times material, Plaintiffs Cynthia and Kimbel Norton resided in Avon Lake, Ohio, within Lorain County.

3. Defendant Village on the Green is a limited partnership formed under the laws of Ohio. According to records maintained by the Ohio Secretary of State, Village on the Green's general partner and statutory agent for service of process is Satendra K. Agrawal, 3908 Autumn Drive, Huron, Ohio 44839.

4. Village on the Green's principal office is located at 264 Moore Rd., Avon Lake, Ohio, within the geographic jurisdiction of this Court.

5. Tradewinds is an Ohio general partnership. According to records maintained by the Lorain County Recorder, Tradewinds has two general partners, Satendra K. Agrawal and Karen K. Agrawal.

6. Defendant Satendra K. Agrawal is the owner, operator, general partner, and principal manager of Village on the Green and Tradewinds. He conducts the operation and principal management of Village on the Green and Tradewinds, out of which claims asserted herein arose, at and from Village on the Green's principal office at 246 Moore Rd., Avon Lake, Ohio.

7. Defendant Karen K. Agrawal is the owner, operator, general partner, and principal manager of Tradewinds. She conducts the operation and principal

management of Tradewinds either alone or with Satendra K. Agrawal, out of which claims asserted herein arose, at and from Tradewinds' principal office at 690 Harris Road, Sheffield Lake, Ohio or Huron, Ohio.

8. Defendants John Doe I and John Doe II, whose correct names are currently unknown, are other persons or entities who were employers of Plaintiffs within the meaning of the FLSA and state law.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

11. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## FACTUAL ALLEGATIONS

### Defendants' Business and Plaintiffs' Employment

12. Defendants own, operate, and manage two residential apartment buildings: (1) the Village on the Green Apartments, located at 246 Moore Rd., Avon Lake, Ohio, and (2) the Tradewinds Apartments, located at 690 Harris Road., Sheffield Lake, Ohio. When discussed collectively hereinafter, those two buildings are referred to as "Defendants' Apartments."

13. From approximately May 1, 2010 through March 2017, Plaintiff Cynthia Norton was employed with the Defendants as an on-site building manager, responsible for such duties as leasing of apartments, taking and processing unit rental payments, eviction of delinquent tenants, and responding to tenant concerns. She resided, at all times material, in the building management/leasing office, which doubled as an apartment at the Village on the Green Apartments, and held the title and duties of residence manager and/or supervisory manager for both of Defendants' Apartments.

14. From approximately May 2011 through March 2017, Cynthia Norton's husband, Plaintiff Kimbel Norton, was employed with Defendants as an on-site maintenance manager. At all times material, Kimbel Norton resided with his wife in the apartment unit/building management office within the Village of the Green Apartments, and held the title and duties of maintenance manager for both of Defendants' Apartments.

15. Plaintiffs were, at all times material, non-exempt employees entitled to minimum wages for all hours worked and overtime compensation as herein alleged.

**Defendants' Status As "Employers"**

16. Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of state law.

17. Defendants Satendra Agrawal and Karen Agrawal were employers pursuant to 29 U.S.C. § 203(d) in that they were "person[s] [who] act[ed] directly or indirectly in the interest of an employer," Village on the Green and Tradewinds, "in relation to employees," including Plaintiffs. Defendants Satendra and Karen Agrawal

had operational control over significant aspects of the company's operations and day-to-day functions, including compensation of employees.

18. Defendants John Doe I and John Doe II were employers pursuant to 29 U.S.C. § 203(d) in that they were "person[s] [who] act[ed] directly or indirectly in the interest of an employer," Village on the Green and Tradewinds, "in relation to employees," including Plaintiffs. Defendants John Doe I and John Doe II had operational control over significant aspects of the company's operations and day-to-day functions, including compensation of employees.

19. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id*. Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id*.

20. Defendants were joint employers of Plaintiffs.

21. Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Defendants' Failure to Pay Minimum Wages and Overtime Compensation

22. Plaintiff Cynthia Norton was compensated at a salary of $700 per month for her building management duties. She was also infrequently asked by Defendants to take on additional janitorial/housekeeping duties at the Apartments, for which she was compensated an additional $8.00 per hour.

23. Plaintiff Kimbel Norton was compensated at a rate of $10.00 per hour as maintenance manager.

24. Both Plaintiffs frequently worked more than forty hours in a single workweek.

25. Under the pay structures set forth above, Defendants failed to pay Plaintiffs statutorily-required minimum wages and/or overtime compensation.

26. The FLSA and Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, required Defendants to pay Plaintiffs at least the minimum wage for all hours worked up to forty hours in a workweek.

27. The FLSA further required Defendants to pay Plaintiffs overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117. The Ohio Revised Code placed a corresponding and equivalent duty on Defendants. Ohio Rev. Code Ann. § 4111.03(A).

28. Defendants knew that their employees, including Plaintiffs, were entitled to the unpaid minimum wages and overtime compensation under the law, or acted in reckless disregard for whether they were so entitled.

29. Defendants were put on notice of these minimum wage, overtime, and working hour concerns when Plaintiffs complained of the working conditions, specifically pay rate and hours required to be worked.

30. Specifically, in January 2017, Plaintiffs communicated to Defendants that they were required to work too many hours for too little pay.

31. As a direct and proximate result of this communication, Defendants began to look for replacement employees, and in March 2017, informed Plaintiffs that no changes would be made, forcing Plaintiffs to end employment.

32. As a further direct and proximate result of this communication, Defendants forced Plaintiffs to move out of the premises by refusing to renew their month-to-month lease for another monthly term.

33. As a further direct and proximate result of this communication, Defendants began to defame Plaintiffs of theft, publicizing such false accusations to Plaintiffs' neighboring tenants, friends, acquaintances, and Defendants' replacement workers.

## COUNT ONE
**(FLSA Minimum Wage and Overtime Violations)**

34. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiffs bring this claim for violation of the FLSA's minimum wage and overtime provisions. Plaintiffs' written consents to become parties to this action pursuant to FLSA § 216(b) will be filed.

36. The FLSA required Defendants to pay their non-exempt employees at least the minimum wage, and to pay them overtime compensation at one and one-half

times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

37. Defendants failed to pay minimum wages and overtime compensation to Plaintiffs in violation of the FLSA.

38. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

39. As a result of Defendants' violations of the FLSA, Plaintiffs were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid minimum wages and overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Minimum Wage Violations)**

40. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

41. The Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, required Defendants to pay their employees at least the minimum wage.

42. Defendants failed to pay minimum wages to Plaintiffs in violation of the OMFWA. The OMFWA entitles them to "equitable and monetary relief" including

"two times the amount of the back wages," as well as reasonable attorneys' fees and costs.

## COUNT THREE
### (Ohio Overtime Violations)

43. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

44. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

45. The Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, required Defendants to pay overtime compensation at one and one-half times the employees' "regular rate" for all hours worked in excess of forty hours in a workweek. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." Ohio Rev. Code Ann. § 4111.03(A). (incorporating FLSA standards); 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117 (FLSA requirements incorporated by Ohio Rev. Code Ann. § 4111.03(A)).

46. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to their employees when due.

47. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiffs in that they did not receive overtime compensation due to them pursuant to that statute.

48. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

**COUNT FOUR**
**(Ohio Record-Keeping Violations)**

49. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

50. The OMFWA required Defendants to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

51. Defendants violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of employees' time.

52. As a result of Defendants' record-keeping violations, Plaintiffs were injured in that Defendants do not have accurate and complete records of their working hours.

**COUNT FIVE**
(Anti-Retaliation Under Ohio Law)

53. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiffs communicated to Defendants that Defendants were requiring Plaintiffs to work too many hours for too little pay in or around January 2017.

55. As a direct and proximate result of this communication, Defendants constructively terminated Plaintiffs' employment, terminated Plaintiffs' lease, and defamed Plaintiffs.

56. Defendants at all times acted willfully, intentionally, out of actual spite, malice, and ill-will when making these statements and taking these retaliatory actions.

57. Defendants retaliated against Plaintiffs for Plaintiffs' exercise of their rights and assistance to each other in the exercise of their rights under Ohio Constitution Article II, § 34a by constructively discharging them, terminating their rental agreement, defaming them, and forcing them to leave, among other things.

58. Pursuant to Ohio Constitution Art. II, § 34a, as well as R.C. 4111.14(J), Plaintiffs are entitled to an amount "sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued" as well as other relief permitted by R.C. 4111.01 et seq. and Ohio Constitution Art. II, § 34a.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs;

B. Award compensatory damages to each of the Plaintiffs pursuant to 29 U.S.C. § 216(b) and Ohio Rev. Code Ann. § 4111.10(A) in an amount of Plaintiffs' unpaid back wages, as well as liquidated damages in an equal amount;

C. Award compensatory damages to each of the Plaintiffs pursuant to Ohio Constitution art. II, § 34a in the amount of three times their unpaid minimum wages;

D. Award compensatory damages as to each of the Plaintiffs pursuant to Ohio Constitution art. II, § 34a, as well as punitive or deterrence damages, in an amount sufficient to compensate Plaintiffs and deter future conduct of the Defendants; and

E. Award Plaintiffs their costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Daniel J. Myers*
Daniel J. Myers (0087909)
Samantha A. Vajskop (0087837)
**Myers Law, LLC**
600 East Granger Rd
Second Floor
Cleveland, OH 44131
P: 216-236-8202
F: 216-674-1696
E: SVajskop@MyersLawLLC.com
   DMyers@MyersLawLLC.com


*s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
**TITTLE & PERLMUTER**
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
P: 216-308-1522
F: 888-604-9299
E: scott@tittlelawfirm.com

Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                *s/ Scott D. Perlmuter*
                                                Scott D. Perlmuter (0082856)